## TRUSH v. GREAT LAKES TRANSIT CORPORATION.
### No. 548.

District Court, W. D. New York.

Oct. 13, 1941.

S. Eldridge Sampliner, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

KNIGHT, District Judge.

Defendant moves to dismiss this action on the ground of laches on the part of the plaintiff. First, on the ground of laches in bringing the action, and secondly, on the ground of laches in filing his amended complaint as directed and in disregard of the rules of the court.

The first argument of defendant can be disposed of summarily as plaintiff is entitled to bring his action at any time, and, if action is brought after more than two years have elapsed since the occurrence of such accident, defendant may plead the statute of limitation as an affirmative defense. If such action is brought after the lapse of two years and such defense is pleaded by defendant, defendant as a matter of right is entitled to a dismissal of the action. However, plaintiff brought his action within two years from the date of occurrence of the accident which was timely. The defense of laches is unavailable to defendant as to bringing this action.

The second ground to dismiss for laches in filing an amended complaint can not be disposed of as easily as the first ground. The motion to make the complaint more definite and certain was granted on February 5, 1941, but no formal order was ever entered. Such failure places on the defendant the burden of proving that he also was not guilty of laches in the entry of a final order directing plaintiff to file an amended complaint. Defendant has not shown any reason for failure to file an order directing plaintiff to file an amended complaint and has shown no facts to prove that plaintiff's failure to file an amended complaint in compliance with the opinion of this court has unduly damaged or prejudiced defendant. Plaintiff should be allowed his day in court and now offers to file his amended complaint. Such offer to file the amended complaint should not be rejected even though plaintiff was not expeditious as he could have been.